## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CAROLANNE ROWE** | **Case No.: 3:2023cv00599** |
| **Plaintiff** | |
| **V.** | |
| **LAWRENCE G. SANTILLI, ET AL.** | |
| **Defendant** | **DECEMBER 28, 2023** |

## <u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS</u>

Pursuant to CT R USDCT L.Civ.R 7(a)(1) the defendants Lawrence G. Santilli; Athena Healthcare Systems Inc., Athena Healthcare Associates Inc., and Webster Manor Rehabilitation and Healthcare Center ("Defendants") hereby submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff's, Carolanne Rowe, Complaint pursuant to: 1) Federal Rules of Civil Procedure 12(b)(1); 2) Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted for alleged violations of 42 U.S.C. §§ 1983, 1985, 1988, and for alleged violations of the Fourth Fifth and Fourteenth Amendments to the United States Constitution; and 3) Federal Rules of Civil Procedure 12(b)(1) as the Court should decline to accept supplemental jurisdiction over all of the Massachusetts state law claims under 28 U.S.C. § 1367.

# I.    BACKGROUND

Bernadette Noga is a 91-year-old elderly, disabled, woman who has her residence in Southbridge Massachusetts. Complaint ¶ 1. On April 17, 2019, Ms. Noga was admitted to Webster Manor Rehabilitation and Healthcare Center ("Webster"), located in Southbridge, Massachusetts. Complaint ¶ 16.

The Massachusetts Probate Court determined Bernadette Noga lacks the mental competence to care for her health and welfare and has appointed Audra Collins as her Guardian. *See*, Exhibit 1. Furthermore, the Massachusetts Probate Court determined Bernadette Noga lacks the mental competence to care for her financial estate and appointed Laura LaRose as her Conservator. *See*, Exhibit 2.

Since Ms. Noga's admission to Webster her daughter Ellen Norris has acted with hostility and with great animosity towards the undersigned Defendants. Ms. Norris as pro se plaintiff and as representing Bernadette Noga as plaintiff filed a civil "Habeas Corpus" action in Massachusetts (Docket No. 2085 CV 00162) against: Athena Health Care, Inc.; Fredrick Rushton; Webster Manor, Inc.; Lawrence G. Santilli; Katrina Gomes; Corey Beaudette; Audra Collins; Laura LaRose; Anita Palmaccio; and Patricia Davidson to address all of the similar claims raised here. After a hearing on February 21, 2020, the Hon. Judge Ricciardone dismissed the action for the following reasons:

> This process is normally reserved for post-conviction relief; Ellen Norris, a non-attorney, seeks to represent the interests of Bernadette Noga; and finally, the Probate and Family Court, having primary jurisdiction over this matter, has yet to reach a final adjudication on the merits of any controversy involved.

Court Order attached as <u>Exhibit 3</u>. Judge Ricciardone was referring to four Worchester Probate and Family Court cases pending which seek to address the claims raised herein which involve Bernadette Noga: 1) WO 19 P 3249 PM as subject/ respondent; 2) WO 19 P 1419 GD as Ward/ respondent; 3) WO 19 P 2237 GD as Ward/ respondent; and 4) WO 19 P 2611 PM as Subject/ respondent.

On June 4, 2020, Bernadette Noga, as the named plaintiff through her attorney Carolanne Rowe, brought an action in the district court of Connecticut against Lawrence Santilli as well as twenty-five other defendants alleging that the defendants abused and wrongfully imprisoned her causing her various injuries and violations of various rights. *See*, <u>Exhibit 4</u>. The defendants in that case filed a Motion to Dismiss and on September 25, 2020, the Honorable Judge Vanessa L. Bryant granted said motion. Judge Bryant found at the time that Ms. Noga lacked capacity to initiate the action and that regardless that the court must abstain from exercising jurisdiction over the case due to the pending Massachusetts probate actions. *See*, <u>Exhibit 5</u> at 1 and 7.

Ms. Noga now seeks her third bite at the apple through the filing of the present action against the Defendants. The Complaint again essentially alleges that Ms. Noga was abused and falsely imprisoned by the Defendants along with various other allegations of violations of her rights. In this action, however, the case is being brought on behalf of Carolanne Rowe, Ms. Noga's attorney who was appointed as the new Conservator of Ms. Noga on December 7, 2021. Complaint ¶ 2.

As was the case with all of Ms. Noga's prior actions, the state in which all the witnesses and evidence that could be related to this case is the state of Massachusetts. It is also undisputed that any alleged injury would have had to have occurred in Massachusetts. Having been denied relief in the Massachusetts Civil Court, the plaintiff through her conservator attorney now again improperly seeks an alternate forum in Connecticut District Court to address her grievances against the Defendants.

## II.    LEGAL STANDARD

### A.    Subject Matter Jurisdiction

A motion to dismiss for lack of subject matter jurisdiction is governed by Fed. R. Civ. P. 12(b)(1), under which a case must be dismissed "when the court lacks the statutory or constitutional power to adjudicate the case." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). When addressing a challenge to subject matter jurisdiction under Rule 12(b) (1), a court may look beyond the pleadings and consider any evidence. Both the moving and non-moving parties "may use affidavits and other materials beyond the pleadings themselves in support or in opposition to a challenge to subject matter jurisdiction." *Tuccio Development, Inc., v. Town of Ridgefield*, No. 06 Civ. 1821, 2008 U.S. Dist. LEXIS 20988 at *1 (D. Conn. March 19, 2008) (citation and internal quotation marks omitted). The "district court may also inquire, by affidavits or otherwise, into the facts as they exist." *Id.* (citation and internal quotation marks omitted).

A plaintiff asserting that subject matter jurisdiction exists bears the burden of proving it by a preponderance of the evidence. *See Aurecchione v. Schoolman Transp. Sys.,*

*Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). All ambiguities and inferences will be drawn in plaintiff's favor. *Id.* The function of a motion to dismiss under Rule 12(b) (1) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof" and accordingly, the "issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." *Bici v. Napolitano*, No. 10 Civ. 1991 (AWT), 2012 U.S. Dist. LEXIS 25418, at *1 (D. Conn. Feb. 28, 2012) (citations and internal quotation marks omitted).

**B.     Failure to State a Claim**

On a motion to dismiss for failure to state a claim, which is governed by Fed. R. Civ. P. 12(b) (6), "the issue is 'whether the claimant is entitled to offer evidence to support the claims'" *Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1984)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 127 U. Ct. 1955, 167 L. Ed. 2d 929 (2007)). This pleading standard creates a "two-pronged approach" which is based on "[t]wo working principles." *Iqbal*, 556 U.S. at 678-79.

First, all factual allegations in the complaint must be accepted as true; and all reasonable inferences must be drawn in the favor of the non-moving party. *See id., see also Gorman v. Consolidated Edison Corp.*, 488 F.3d 586, 591-92 (2d Cir. 2007) (citation

omitted). The presumption of truth does not extend, however, to "legal conclusions" or "[t]he bare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Second, "a complaint that states a plausible claim for relief" will survive a motion to dismiss and "[d]etermining whether a complaint states a plausible claim for relief will… be a context specific task that requires the reviewing court to draw on its jurisdictional experience and common sense." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679) (internal quotation marks omitted). "Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate when it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Associated Fin. Corp. v. Kleckner*, 480 F. App'x 89, 90 (2d Cir. 2012) (citation and internal quotations marks omitted).

## III.    DISCUSSION

**A.    This District Court Does Not Have Subject Matter Jurisdiction in This Case and the Plaintiff has Failed to State a Claim for Which Relief Can be Granted.**

### 1.    The Plaintiff has failed to properly state a claim.

Although it will be expounded upon more in the following sections, it is worth noting at the start that the plaintiff has facially failed to meet the pleadings standard set out in *Twombly* and *Iqbal*. Under the standard set out in Iqbal, a pleading does not require detailed factual allegations "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. As such, mere legal conclusions do

not have the same deference of truth that are given to factual allegations. Similarly, courts are not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *Faber v. Metropolitan Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (Citation omitted; internal quotation marks omitted). Finally, "[a]llegations are deemed 'conclusory' where they recite only the elements of the claim. They become implausible when the court's commonsense credits far more likely inferences from the available facts." *Arar* v. *Ashcroft*, 585 F.3d 559, 617 (2d Cir. 2009) (Citation omitted).

A review of the Complaint shows that the plaintiff set forth a "Facts" section followed by twelve separate counts. In all but the last count (which is merely a claim for punitive damages), the plaintiff's formula is the same. She 1) states that she is re-alleging Paragraphs 1-40 above and incorporates them into said count; 2) essentially just restates the title of the count without providing any elements of the supposed cause of action; 3) states that the defendants owed Ms. Noga a legal, ethical, and fiduciary duty to take care of her; 4) that the defendants breached that duty and was the actual and proximate cause of the plaintiff's injuries; and 5) that the defendants are liable in damages to the plaintiff for said breaches. Not only does the plaintiff reallege the same structure, but in these counts the only paragraph that is different is the second paragraph. The rest are the exact same paragraphs copied and pasted over and over again. Even in Paragraph two of each count (the only paragraph that changes) the plaintiff fails to properly plead again as she just copies and pastes the title of the count and states that the defendants had some sort of duty to the plaintiff and that they violated it.

This kind of pleading clearly does not meet the pleading standard set out by *Twombly* and *Iqbal*. The plaintiff's complaint completely defers its interpretation of each count to the court and asks it to piece meal not only the facts to prove each cause of action from the "Facts" section, but also asks the court to create the elements of each cause of action itself because the plaintiff has failed to plead the elements to **ANY** of her alleged causes of action. This is because, as will be set out below, it is clear that her alleged causes of action simply do not apply to any of the defendants. Accordingly, the court should dismiss the plaintiff's Complaint under Rule 12(b)(6) as the plaintiff has failed to state a claim.

### 2.    This Court has no jurisdiction under, or arising under, federal law.

Under 28 U.S.C. § 1331, district courts obtain the power to hear cases under Federal Question jurisdiction and provides that: "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In determining whether a plaintiff's cause of action is one that is "arising under" federal law, a district court must look to see if the plaintiff's cause of action is directly created by federal law. *Gunn* v. *Minton*, 568 U.S. 251, 257 (2013). If it is not, and is instead a state law claim, a district court may have jurisdiction over the claim if it falls into a "special and small category" of cases in which jurisdiction still lies. *Id.* at 258. For this "special and small category to apply" the district court must ask whether the claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial

responsibilities." *Grable & Sons Metal Products* v. *Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). Stated differently:

> [F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met . . . jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Gunn* v. *Minton*, at 258 (Internal quotation marks omitted).

The plaintiff claims that this Court has jurisdiction under 42 U.S.C. §§ 1983, 1985, 1988, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. As a matter of law, it is clear that these provisions do not provide this Court with any jurisdiction in this matter, as none of the Defendants are, or are even alleged to be, State actors or acting under color of state law.

> i.   *Failure to state a claim under 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.*

The plaintiff has no basis for asserting these claims against a set of defendants which are entirely private and non-state entities. A plaintiff must establish that "a person acting under color of state law deprived him of a federal right" to succeed on a § 1983 claim. *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

Section 1983 does not itself confer substantive rights on a plaintiff but is instead the means by which an injured party may seek vindication. *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). It provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State… subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in action at law, suit or equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

To state a claim under § 1983, Plaintiff must show that she was injured by either a state actor or a private party acting under color of state law. *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982) (in an action alleging § 1983 violation, "[i]f the action of the respondent … is not state action, our inquiry ends."). Ostensibly private conduct can be fairly attributed to the state only if there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974)); see also *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312-13 (2d Cir.), cert. denied, 539 U.S. 942, 123 S. Ct. 2610, 156 L. Ed. 2d 628 (2003).

Plaintiff has not alleged that private health care providers, specifically the Athena Defendants, are state agencies, nor that they may be treated as state actors for purposes of the Plaintiff's civil rights claims. A plain reading of the complaint reveals that the undersigned Defendants were not state actors nor were they acting under the color of law at any time relevant to the subject claim.

Further reason to dismiss these claims include that the Fourth and Fifth Amendments are wholly inapplicable to private conduct, *see United States v. Jacobsen*, 466 U.S. 109, 113, 104 S. Ct. 1652, 80 L. Ed. 2d 85 (1984) ("The Fourth Amendment … is wholly inapplicable to actions taken by private citizens," quoting *Walter v. United States*, 447 U.S. 649, 662, 100 S. Ct. 2395, 65 L. Ed. 2d 410 (1980) (Blackmun, J., dissenting)); *Rini v. Zwirn*, 886 F. Supp. 270, 289 (E.D.N.Y. 1995) (the "Fifth Amendment in and of itself pertains only to actions of the federal government."). The Fourth Amendment protects citizens from unreasonable searches and seizures. The Fifth Amendment protects the right to private property. The Fourteenth Amendment protects a citizen's right to procedural due process. However, the undersigned Defendants are not "state actors" nor is it alleged that they acted under "color of law" during any time relevant to the subject complaint with Ms. Noga. Therefore, Plaintiff has failed to state a claim for which relief could be granted and this claim must be dismissed.

Accordingly, any claim against the undersigned Defendants under section 1983 and the U.S. Constitution, if the Court were to even construe one from the allegations of the

complaint, must be dismissed these sections neither grant jurisdiction to the district court nor has the Plaintiff properly pled them.

> ii.    *Failure to state a claim under 42 U.S.C. § 1985 and 28 U.S.C. § 1343.*

The Plaintiff fails to state a claim under 42 U.S.C. § 1985. Section 1985 provides in relevant part:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; … if one or more persons . . . do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is . . . deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages . . . .

42 U.S.C. § 1985.

In order to survive a motion to dismiss a § 1985 conspiracy claim against a private entity in the Second Circuit, a plaintiff must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello*, 292 F.3d at 324-25. Complaints containing only conclusory, vague, or general allegations that the defendants engaged in a conspiracy to deprive the plaintiff of constitutional rights must be dismissed, and "diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Id.* at 325 (internal citations omitted); *see also De Jesus v. Sears, Roebuck & Co.*, Inc., 87 F.3d 65, 70 (2d Cir. 1996).

This complaint fails to allege facts to establish that the private Defendants entered into an agreement with state actors to inflict a particular unconstitutional injury upon the Plaintiff. Plaintiff's vague and conclusory allegations against the private defendants are entirely unclear, unsupported by facts, and insufficient to substantiate her claims.

Furthermore, to bring a claim of conspiracy to violate her civil rights, Plaintiff must allege that she belonged to a protected class. Section 1985(3) "is applicable only if the plaintiff can show that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action." *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 426-27 (2d Cir. 1995) (internal citations omitted); *see also Gleason v. McBride*, 869 F.2d 688, 694-95 (2d Cir. 1989) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971)).

Similarly, 28 U.S.C. § 1343 provides:

(a)The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;
(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;
(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

As has been explained above, section 1985 does not apply to the private defendants, therefore, neither can any of the sections of section 1343 that rely upon it. The Defendants are private entities and not state actors and have not been alleged to be state actors or working under the color of state law. Plaintiff has also failed to allege that the defendants have violated any federal laws that grant them relief under this section. As such, section 1343 is entirely inapplicable to the Defendants.

As stated above, even construing the complaint liberally, the Plaintiff fails to allege the elements of a cause of action under section 1985 nor does she make any such allegations that she is a member of a protected class. Plaintiff has also failed to establish that section 1343 applies at all to her claims or grant jurisdiction to this district court. Accordingly, any claim against the undersigned Defendants under sections 1985 and 1343, if the Court were to even construe one from the allegations of the complaint, must be dismissed.

### iii.   Failure to state a cause of action under 42 U.S.C. § 1988.

42 U.S.C. § 1988(b) provides in relevant part provides that "in any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Similarly, Section 1988(c) provides that the court may also award expert fees at its discretion. Absolutely nowhere in Section 1988, however, does it confer jurisdiction to a district court or give the plaintiff

any cause of action. In fact, the Second Circuit has stated that the reason Congress enacted Section 1988 was merely and "solely to make certain that attorneys representing plaintiffs whose rights had been violated could expect to be paid. *Hines v. City of Albany*, 862 F.3d 215, 222 (2d Cir. 2017) (Citation omitted, internal quotation marks omitted).

Accordingly, since 42 U.S.C. § 1988 does not provide a cause of action or grant jurisdiction over to the district court over the Plaintiff's claims, any claim against the undersigned Defendants under section 1988, if the Court were to even construe one from the allegations of the complaint, must be dismissed.

3.     **The Plaintiff has failed to establish diversity jurisdiction under 28 U.S.C § 1332.**

28. U.S.C. § 1332 provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different States . . . ." Furthermore, "[d]iversity jurisdiction requires complete diversity: **no plaintiff and no defendant may be citizens of the same state**. . . . A party's citizenship for these purposes is considered at the time the complaint is filed." *Agoliati v. Block 865 Lot 300 LLC*, Docket No. 22-51, 2023 U.S. App. LEXIS 2011, at *2-3 (2d Cir. Jan. 26, 2023) (Citations omitted; emphasis added). Again, it "is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and it must prove jurisdiction by a "preponderance of evidence." *Platinum-Montaur Life Sciences, LLC* v. *Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019).

In the present case, Ms. Noga is alleged to be a resident of Massachusetts. *See* Complaint ¶ 1. Her Conservator and attorney, Carolanne Rowe, appears to be a resident of Connecticut. *See* Exhibit 6. Defendants Lawrence Santilli and the Athena entities are alleged to reside or be incorporated in Connecticut. *See* Complaint ¶¶ 3-8. Defendant Webster is alleged to be incorporated in Massachusetts. *See* Complaint ¶ 9. Thus, as plead there is clearly no complete diversity of citizenship in this case. If Ms. Noga's residence is used as the Plaintiff's residence she shares the same domicile state as Webster, that being Massachusetts, and if Attorney Rowe's residence is used then she shares the same domicile state as Mr. Santilli and the Athena entities, that being Connecticut. Therefore, as plead, there is not complete diversity of citizenship in this case and the district court cannot have jurisdiction under section 1332.

Accordingly, since 28 U.S.C. § 1332 does not grant jurisdiction over to the district court over the Plaintiff's claims, any claim against the undersigned Defendants under section 1332, if the Court were to even construe one from the allegations of the complaint, must be dismissed.

**B.**   **This Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's Pendent Massachusetts State Law Claims.**

Plaintiff seeks to invoke the jurisdiction of this Court pursuant to 42 U.S.C. §§ 1983 and 1985 for a violation of her "civil rights" and requests the Court assert supplemental jurisdiction over the remaining pendent Massachusetts state court claims. Complaint ¶¶ 10 and 12. Federal district courts have supplemental jurisdiction over non-federal law claims

"that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

A district court, however, "may decline to exercise supplemental jurisdiction over a claim" once it "has dismissed all claims over which it has original jurisdiction." *Id*. § 1367(c) (3). "[I]n the usual case in which all federal –law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine- judicial economy, convenience, fairness, and comity—will point towards declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). Generally, "if a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well." *Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010).

As this district court never had original jurisdiction over any claims brought by the plaintiff, supplemental jurisdiction is inapplicable. If the court determines it did have original jurisdiction over a dismissed claim, however, the Court should still deny the request to exercise supplemental jurisdiction over these Defendants in the remaining Massachusetts state court claims pursuant to 28 U.S.C. § 1367(c)(3). Here, declining jurisdiction over Plaintiff's state law claims would not disserve the principles of judicial economy, convenience, or fairness. In fact, as pled, it is clear that out fairness for the rights of the Defendants and respect towards the State of Massachusetts that this court should

decline to accept supplemental jurisdiction over the Plaintiff's claims as the State of Massachusetts has substantial interest in hearing the claims alleged in this case.

In Count VIII, labeled "BREACH OF THE STANDARD OF CARE, the Plaintiff alleges that the Defendants were "obligated to meet a standard of care consistent with that of a licensed medical care provider and failed to do so as outlined in Paragraphs 1-40." *See* Complaint ¶ 77. In other words, the Plaintiff is alleging that the Defendants committed medical malpractice. In Massachusetts, the state has gone to great lengths to guarantee certain procedural rights for defendants and requirements for plaintiffs and has a specialized court system to hear these matters.[1] As such, without any federal jurisdiction or federal element in this case the case should be brought in a state forum in which the plaintiff must comport with the proper statutory process that govern her state law medical malpractice claims.

Accordingly, this Court can and should decline to exercise its supplemental jurisdiction over the pendent state law claims and should dismiss this action to allow for them to be brought in a state with interest in the matter.

---

[1] In Massachusetts, a plaintiff must comport with sections G.L.c. 231, §§ 60L(a) and 60B. Section 60L(a) requires that a plaintiff give a defendant healthcare provider written notice of the intent to file suit 182 days prior to the commencing of a medical malpractice action that includes a statement providing a detailed basis of the claim. Section 60B requires that a medical malpractice action be heard in front of an initial tribunal that's job is to determine whether there is a legitimate question of liability in a plaintiff's case. Furthermore, section 60B requires that if the tribunal rules in favor of the defendants that a plaintiff must post a bond payable to the defendants in order to pursue their action.

## IV.   CONCLUSION

For all of the foregoing reasons, the undersigned Defendants respectfully request that this Court grant their motion and dismiss Plaintiff's complaint under Rules 12(b)(1) and (6).

THE DEFENDANTS:
LAWRENCE G. SANTILLI;
ATHENA HEALTHCARE ASSOCIATES INC.;
ATHENA HELATH CARE SYSTEMS INC.; AND
WEBSTER MANOR REHABILITATION AND
HEALTHCARE CENTER

/s/ Christopher L. Wagner

By:   _____
CHRISTOPHER L. WAGNER (CT 31469)
HEIDELL, PITTONI, MURPHY & BACH, LLP
2 Corporate Drive, Ste 444
Shelton, CT 06484

Telephone: 203-382-9700
Facsimile: 203-382-9730
E-mail: cwagner@hpmb.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for defendant hereby certifies that on this 28th day of December 2023, a copy of the foregoing Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties of record listed below by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Christopher L. Wagner
_____

CHRISTOPHER L. WAGNER (CT 31469)
HEIDELL, PITTONI, MURPHY & BACH, LLP
2 Corporate Drive, Ste 444
Shelton, CT 06484

Telephone: 203-382-9700
Facsimile: 203-382-9730
E-mail: cwagner@hpmb.com