### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CAROLANNE ROWE** | **Case No.: 3:2023cv00599** |
| **Plaintiff** | |
| **V.** | |
| **LAWRENCE G. SANTILLI, ET AL.** | |
| **Defendant** | **JANUARY 18, 2024** |

### REPLY TO PLAINTIFF'S OBJECTION TO THE DEFENDANTS' MOTION TO DISMISS

The defendants Lawrence G. Santilli; Athena Healthcare Systems Inc., Athena Healthcare Associates Inc., and Webster Manor Rehabilitation and Healthcare Center ("Defendants") hereby reply to the plaintiff's, Carolanne Rowe, Objection to Defendants Motion to Dismiss (Docket #16).

The plaintiff has completely failed to respond to the defendants' arguments related to her failure to properly state a claim and that the Court does not have federal question jurisdiction. The plaintiff has thus waived any argument on these issues and dismissal is proper on this basis alone as it is clear there is no properly pleaded federal claim before this Court. Further, the plaintiff has failed to establish diversity jurisdiction and has resorted to fighting with her own pleadings in an attempt to create it. Dismissal is warranted on this basis as well and a change of venue will not remedy these jurisdictional defects as there is

1

not a Federal Court in the United States that has jurisdiction over this case. The defendants

will address the plaintiff's objections, or lack thereof, and articulate clearly why this case

must be dismissed.

## I.      ARGUMENT

### A.      The Plaintiff Has Failed to Respond to the Defendants' Motion to Dismiss Based on her Failure to Properly State a Claim

In their Motion to Dismiss the Defendants argued that dismissal of the plaintiff's

claims was warranted under Fed. R. Civ. P. 12(b)(6) as the plaintiff failed to properly state

a claim under the standard established in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937,

173 L.Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 127 U. Ct.

1955, 167 L. Ed. 2d 929 (2007). In her objection to the Defendants' Motion to Dismiss,

the plaintiff not only fails to cite a single law in opposition to this argument, but she fails

to address this argument at all. In the six pages of argument contained within her

memorandum of law in support of her objection, not a single word or character of it is spent

responding to this argument raised by the Defendants.

The Second Circuit has established that on appeal issues not sufficiently argued in

briefs are considered waved and normally not addressed. *Norton* v. *Sam's Club*, 145 F.3d

114, 117 (2d Cir. 1998). The United States District Court of Connecticut, along with other

district courts around the country, have adopted a similar rule for when a party fails to raise

an objection in a motion. *See Huseby, LLC* v. *Bailey*, Docket No. 3:20-cv-00167 (JBA),

2021 U.S. Dist. LEXIS 34282, at *12 n.1 (D. Conn. Feb. 24, 2021)("Courts around the

country have held that the failure to brief an objection constitutes an abandonment of that objection."); *see also Allstate Ins. Co.* v. *Electrolux Home Products, Inc.*, Docket No. 3:22-cv-01031 (OAW), 2023 U.S. Dist. LEXIS 131812 at *9-10 (D. Conn. July 31, 2023) and *Geomatrix Systems, LLC* v. *Eljen Corp.*, Docket No. 3:20-cv-1900 (JBA), 2022 U.S. Dist. LEXIS 177039 *20 (D. Conn. Sep. 29, 2022).

Since the plaintiff has completely failed to brief the issue of whether she has properly pleaded her claims the plaintiff has thus abandoned any objection to it. The defendants stand by their basis on this ground as articulated in their Motion to Dismiss and request that the Court dismiss the plaintiff's Complaint under Rule 12(b)(6) for failing to state a claim for which relief can be granted.

**B.    The Plaintiff Has Failed to Respond to the Defendants' Motion to Dismiss Based on Lack of Federal Question Jurisdiction**

In their Motion to Dismiss the Defendants argued that dismissal of the plaintiff's claims was warranted as the plaintiff failed to state a colorable claim under 42 U.S.C. §§ 1983, 1985, 1988, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Again, similar to the issue above, the plaintiff did not respond to the Defendants' argument at all and did not even attempt to allege that any of the defendants are or were state actors, which is a required element to bring a claim under any of the aforementioned statutes and constitutional provisions.

To reiterate for emphasis, the Defendants contested the vast majority of the jurisdictional bases for the plaintiff's claims, and she did not even bother to attempt to

defend a single one of them. This utter lack of response by the plaintiff on these issues should signify to the Court that the plaintiff's claims are baseless and ought to be dismissed.

Similar to the issue above, since the plaintiff has failed to respond or brief this issue, she has thus abandoned any objection to it. The defendants stand by their basis on this ground as articulated in their Motion to Dismiss and request that the Court dismiss the plaintiff's Complaint as she has failed to establish that this Court has federal question jurisdiction over the defendants.

C.   **The Plaintiff Has Failed to Establish Diversity Jurisdiction and Now Argues with the Very Facts She Pleaded**

   1.   *Legal Standard.*

28. U.S.C. § 1332 provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different States . . . ." Furthermore, "[d]iversity jurisdiction requires complete diversity: **no plaintiff and no defendant may be citizens of the same state**. . . . A party's citizenship for these purposes is considered at the time the complaint is filed." *Agoliati v. Block 865 Lot 300 LLC*, Docket No. 22-51, 2023 U.S. App. LEXIS 2011, at *2-3 (2d Cir. Jan. 26, 2023) (Citations omitted; emphasis added). Again, it "is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and it must prove jurisdiction by a "preponderance of evidence." *Platinum-Montaur Life Sciences, LLC* v. *Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019).

2.      *The plaintiff has failed to establish complete diversity among the parties.*

The crux of the plaintiff's argument in her objection to the Defendants' Motion to Dismiss is that there is diversity jurisdiction because Bernadette Noga is a Massachusetts resident and that since Attorney Rowe cannot find where Webster Manor Rehabilitation and Healthcare Center ("Webster") is incorporated that the Court should just use Connecticut as its place of incorporation because it is "controlled" by Athena Healthcare Systems Inc. or Athena Healthcare Associates Inc. ("Athena Entities"). *See* Plt. Obj. This kind of mental gymnastics is improper, however, and it is merely a way for the plaintiff to escape her burden of establishing jurisdiction. *Platinum-Montaur Life Sciences, LLC* v. *Navidea Biopharmaceuticals, Inc.*, 943 F.3d 617.

At the very beginning of the plaintiff's memorandum of law in support of her Objection to Defendants' Motion to Dismiss, however, she states "Webster Manor Rehabilitation and Healthcare Center . . . is not incorporated in any states researched and known to by the Plaintiff." *Id.*, at 3. The plaintiff then states that "to the Plaintiff's knowledge 'Webster Manor' is not incorporated in Massachusetts or Connecticut . . . ." *Id.*, at 4. In other words, the plaintiff has explicitly conceded that she has no idea where Webster is incorporated and thus cannot establish whether diversity jurisdiction is proper or meet her burden as a plaintiff.

To salvage this concession, the plaintiff alleges Webster is controlled by Mr. Santilli and the Athena Entities and that since the Athena Entities are incorporated in

Connecticut that the "Corporate Brain" is in Connecticut and that thus Webster's state for jurisdictional purposes must be Connecticut. *Id*. The plaintiff of course fails to cite any law or test developed by a federal court to support this proposition, in fact, she cites no law at all in her objection aside from 28 U.S.C. § 1404(a) regarding change of venue, which will be discussed in a subsequent section. This conclusion also contradicts the plaintiff's own pleadings. The plaintiff's Complaint states that Webster has an address of 745 School St. Webster, MA 01570. *See* Complaint ¶ 9. In the "Fact" section of the Complaint, the plaintiff then states that Ms. Noga stayed at said facility in Massachusetts from April 17, 2019, through May 10, 2021. *See* Complaint ¶¶ 16-17. It is clear then that, as pleaded, Webster is a business that is operating independently in Massachusetts, not Connecticut.

Regardless of Webster's place of incorporation, however, the plaintiff has failed to address the primary issue raised by the Defendants. That being that the plaintiff in this case **is not Ms. Noga, but her conservator Attorney Rowe who the defendants established is a resident of Connecticut**. The plaintiff did not rebut this, in fact, she conceded it in her Memorandum in Support of Plaintiff's Objection to Motion to Disqualify. In her memorandum, the plaintiff stated that "[u]nder Conn. Gen. Statute Section 45a-655 and Federal Rule of Civil Procedure 17(c)(1) both of these sources of authority clearly indicate that it is the conservator who is the proper, real party interest in suing, not the conserved person." *See* Doc. 17 at 4. Accordingly, Attorney Rowe, as Ms. Noga's conservator, is the plaintiff in this case and her state of residence is Connecticut, the same state she alleges

the Athena Entities are incorporated in. Thus, the plaintiff herself through her own pleadings has destroyed any chance of diversity jurisdiction existing.

In sum, the plaintiff has failed to establish diversity jurisdiction over the defendants as she has failed to establish Webster's state of residence for the purposes of jurisdiction. Further, Attorney Rowe has conceded that she, a Connecticut resident, is the plaintiff in this action. Thus, she shares her place of residence with the Athena Entities state of incorporation destroying complete diversity. As such, the Court should dismiss the plaintiff's Complaint for lack of diversity jurisdiction.

### D.     A Change of Venue Would Be Improper at this Time and Will Not Save the Plaintiff's Claims as No Federal Court in the United States Would have Jurisdiction over the Defendants in this Case

In the final segment of her objection, the plaintiff cites 28 U.S.C. § 1404 and essentially throws herself upon the mercy of the Court to save her claims. After citing the entirety of § 1404 the plaintiff merely states:

> This court has broad discretion when it comes to rules and jurisdiction and in the interest of justice should deny the Defendants' motion to dismiss. The court may transfer, substitute a plaintiff, and do what is best for the Plaintiff for parties in the interest of fairness and justice. This court has jurisdiction and Bernadette has more than colorable claims.

*See* Plt. Obj. at 8. In this passage the plaintiff attempts to apparently will into existence for this Court to have jurisdiction over the defendants. That is not how the United States legal system works. The Federal Rules of Civil Procedure and United States Code operate to grant certain rights to the plaintiffs and defendants of lawsuits. Two of those rights being

dismissal for a plaintiff's failure to state a claim and for failing to establish that the court has jurisdiction. The defendants in the present action assert those rights here.

The plaintiff, a member of the Connecticut State and Federal Bar, has failed to properly follow well-established pleading standards and has raised civil rights claims without even alleging that the defendants were state actors. She has also failed to even respond to the vast majority of the defendants' Motion to Dismiss and now seeks to have the Court save her Complaint by a venue transfer or through some other unknown means. However, a change of venue is not proper as it will not remedy the afflictions that the plaintiff's Complaint suffers from. The Complaint fails to contain a single properly pleaded count, fails to establish federal question jurisdiction, and fails to establish diversity jurisdiction. A change of venue cannot remedy a facially defective complaint or grant jurisdiction as the state in which a federal court is located in is not a question when determining diversity jurisdiction.

Again, the plaintiff is not a pro se party but is instead a member of the Federal Bar. She should know that her pleadings are insufficient and that she has no basis for her claims under federal law as none of the Defendants are state actors. As a member of the bar, she should be held to a higher standard and the Court should not hold her hand in attempting to remedy claims that are beyond salvaging and cannot grant jurisdiction where it does not exist. Accordingly, the Court should dismiss the plaintiff's Complaint, just as the Court did in *Noga* v. *Santilli et al.*, Docket No. 3:20-cv-00780.

## II.     CONCLUSION

For all of the foregoing reasons, the undersigned Defendants respectfully request that this Court grant their Motion to Dismiss the plaintiff's complaint under Rules 12(b)(1) and (6).

THE DEFENDANTS:
LAWRENCE G. SANTILLI;
ATHENA HEALTHCARE ASSOCIATES INC.;
ATHENA HELATH CARE SYSTEMS INC.; AND
WEBSTER MANOR REHABILITATION AND
HEALTHCARE CENTER

/s/ Christopher L. Wagner
By:   _____
CHRISTOPHER L. WAGNER (CT 31469)
HEIDELL, PITTONI, MURPHY & BACH, LLP
2 Corporate Drive, Ste 444
Shelton, CT 06484
Telephone: 203-382-9700
Facsimile: 203-382-9730
E-mail: cwagner@hpmb.com

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned counsel for defendants hereby certifies that on this 18th day of January 2024, a copy of the foregoing Reply was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties of record listed below by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Christopher L. Wagner
_____
CHRISTOPHER L. WAGNER (CT 31469)
HEIDELL, PITTONI, MURPHY & BACH, LLP
2 Corporate Drive, Ste 444
Shelton, CT 06484
Telephone: 203-382-9700
Facsimile: 203-382-9730
E-mail: cwagner@hpmb.com