**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **CAROLANNE ROWE** | **Case No.: 3:2023cv00599** |
| **Plaintiff** | |
| **V.** | |
| **LAWRENCE G. SANTILLI, ET AL.** | |
| **Defendant** | **JANUARY 18, 2024** |

## REPLY TO PLAINTIFF'S OBJECTION TO THE DEFENDANTS' MOTION TO DISQUALIFY

The defendants Lawrence G. Santilli; Athena Healthcare Systems Inc., Athena Healthcare Associates Inc., and Webster Manor Rehabilitation and Healthcare Center ("Defendants") hereby reply to the plaintiff's, Carolanne Rowe, Objection to Defendants Motion to Disqualify (Docket #17).

Similar to her objection to the Defendants' Motion to Dismiss, the plaintiff has all but utterly failed to respond to any of the Defendants' arguments and has set forth no relevant law to support her position. In addition, Attorney Rowe's argument that she is in fact the plaintiff in this case further supports the Defendants' position that she is in violation of both state and federal ethical rules and should be disqualified to avoid an unnecessary taint on the trial. The Defendants stand by the arguments made in their Motion to Disqualify

and shall hereby reply to the objections, or lack thereof, made by the plaintiff and shall

further articulate why Attorney Rowe should be disqualified.

## I.    ARGUMENT

### A.    The Plaintiff Has Failed to Respond to the Defendants' Arguments or Cite any Applicable Law to Support Her Position

The Defendants cited the standard set forth by the Second Circuit in *Hempstead Video, Inc. v. Inc. Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) and explained that given the circumstances, Attorney Rowe's participation as counsel and the sole fact witness for Ms. Noga would inevitably lead to a taint of discovery and trial. The Defendants also cited to the analogous cases of *Karlen* v. *Westport Board of Education*, Docket No. 3:07-cv-309 (CFD), 2009 U.S. Dist. LEXIS 23765, at *2-3 (D. Conn. Mar. 24, 2009) and *Lemberg Law, LLC* v. *Egeneration Marketing, Inc.*, Civil Action No. 3:18-cv-570 (CSH), 2020 U.S. Dist. LEXIS 94879 (D. Conn. May 29, 2020) in support of their Motion to Disqualify. The plaintiff has entirely failed to respond to these arguments or cite any law to the contrary.

The only law the plaintiff did cite was the Connecticut conservatorship statues, which will be discussed below, and the case of *Gross* v. *Rell*, 585 F.3d 72 (2d Cir. 2009). *Gross*, however, is entirely inapplicable to the present action. In *Gross*, the plaintiff sued the governor, an ombudsman, a probate judge, a conservator, an attorney, and nursing home for wrongfully conserving him which led to a variety of other damages and claims he also brought before the court. *Id.*, at *79. The District Court dismissed the complaint as

to all defendants under grounds of immunity and that the remaining state tort claims would not amount to $75,000. *Id*. The Second Circuit took the case on appeal to essentially determine the extent of immunity granted to the parties. *Id*. The Second Circuit affirmed the District Court's decision in part and granted certification to the Connecticut Supreme Court on questions of whether certain parties also had quasi-judicial immunity under Connecticut state law. *Id*., at *96-97.

The case at hand, however, obviously has nothing to do with whether any of the parties have judicial or quasi-judicial immunity. Thus, *Gross* is entirely inapplicable to the present action. The plaintiff knows this, however, and it is why she never bothered to analyze the case in her brief. In fact, the plaintiff seems to only cite *Gross* because she believes that the facts are vaguely similar to the facts in this case. Similar facts, however, do not make the rationale of *Gross* applicable and it certainly is not a sufficient response to the case law cited by the Defendants. Accordingly, the plaintiff has failed to properly respond to the arguments in the Defendants Motion to Disqualify and the Court should grant the Defendants motion absent objection or analysis from the plaintiff.

**B.      It is not Unjust to Disqualify Attorney Rowe**

The only meaningful response the plaintiff has made to the Defendants Motion to Disqualify is that she states under Rule 3.7(a)(3) that her disqualification creates substantial hardship for her client. This argument, however, falls flat on its face when it is read in conjunction with the prior paragraphs of the plaintiff's objection.

On pages three and four of her objection Attorney Rowe cites to numerous conservator statues and to Rule 17(c)(1) of the Federal Rules of Civil Procedure to argue that she, as the conservator of Ms. Noga, is the person with a real party interest in this action and thus **the real plaintiff in this action**. *See* Docket #17. Therefore, the question is not whether disqualification seeks to harm Ms. Noga, but instead whether or not it creates a substantial hardship for Attorney Rowe, which she has not argued it would. Furthermore, as the Defendants argued in their Motion to Disqualify, Attorney Rowe can be the attorney in this action, however, another party must take over as the conservator for Ms. Noga. She cannot have it both ways and this federal district court cannot change Ms. Noga's conservator for her, that is a state probate issue as the plaintiff has stated numerous times. Accordingly, as things stand the only one creating any form of hardship for Ms. Noga is Attorney Rowe as she has placed herself squarely at issue with both the state and federal rules of professional conduct by acting as a witness-advocate.

The Defendants also wish to emphasize a passage from the plaintiff's objection that brings into question the validity of the very foundation of these proceedings. In her objection, the plaintiff states:

> Bernadette currently resides at her home located at 92 Westwood Parkway with her daughter as a sole caregiver in Massachusetts and has for the last nearly three years. **Bernadette is not institutionalized and maintains her own private residence** in the State of Massachusetts located at 92 Westwood Parkway Southbridge Massachusetts . . . . She is well nourished, **has great social skills, visits with family and friends, attends social gatherings, and is living our her life as she should**.

4

*See* Docket #16 at 4-9 (Emphasis added). Based on the plaintiff's admissions in this passage it calls into question whether Ms. Noga should be conserved at all and why she is not the plaintiff in this case. According to the plaintiff, Ms. Noga is healthy and cognitive as she has "great social skills" and is visiting friends and family so why is Ms. Rowe acting as her conservator and bringing this lawsuit instead of Ms. Noga? It makes no sense and should draw into question the validity of the plaintiff's pleas for fairness and justice.

      **C.**     **This Federal District Court Cannot Remedy the Situation the Plaintiff Has Placed Herself In.**

In her objection, the plaintiff argues that this Court should allow another party to step in and be substituted to represent the interests of Ms. Noga if it finds that Attorney Rowe cannot. She even goes as far as to argue that this "court has the power to allow another to 'step into the shoes' 'substitute' one Plaintiff for another and this is an appropriate case if it is found that Carolanne Rowe, (myself) is not allowed to represent the interests of Bernadette Noga . . . ." *See* Docket #17 at 5.

The plaintiff of course cites no law in support of this proposition, and she cannot as no law exists granting this Court that kind of power. As the plaintiff noted in her own brief, under Rule 17(c)(1) of the FRCP a conservator is the only party who may bring suit for an incompetent person and Attorney Rowe is Ms. Noga's conservator. *Id*., at 4. This Court may not simply substitute another party in for Attorney Rowe as she is the only party who currently represents Ms. Noga's legal interests under Massachusetts State law, the state in which Ms. Noga was conserved. ALM GL ch. 190B, § 5-423 (In Massachusetts a

conservator is the party who may "commence, prosecute or defend actions, claims, or proceedings in any jurisdiction for the protection of estate assets and of the conservator in the performance of fiduciary duties . . .").

As she did in her objection to the Defendants' Motion to Dismiss, the plaintiff essentially begs for the mercy of the court to allow her to amend, transfer, or do anything it can to salvage her claims. However, the plaintiff is not a pro se party but instead a member of the Federal Bar. She should know that her pleadings are insufficient and that she has no basis for her claims under federal law as none of the Defendants are state actors. As a member of the bar, she should be held to a higher standard and the Court should not hold her hand in attempting to remedy claims that are beyond salvaging and cannot grant jurisdiction where it does not exist. This Court should also not assist an attorney who has knowingly placed herself in violation of both state and federal ethical rules when alternative paths were possible. Accordingly, this Court should grant the Defendants' Motion to Disqualify and enforce the rules of professional conduct by making Attorney Rowe find outside counsel.

## II.    CONCLUSION

For all of the foregoing reasons, the undersigned Defendants respectfully request that this Court grant their Motion to Disqualify.

THE DEFENDANTS:
LAWRENCE G. SANTILLI;
ATHENA HEALTHCARE ASSOCIATES INC.;
ATHENA HELATH CARE SYSTEMS INC.; AND
WEBSTER MANOR REHABILITATION AND
HEALTHCARE CENTER

/s/ Christopher L. Wagner

By: _____

CHRISTOPHER L. WAGNER (CT 31469)
HEIDELL, PITTONI, MURPHY & BACH, LLP
2 Corporate Drive, Ste 444
Shelton, CT 06484
Telephone: 203-382-9700
Facsimile: 203-382-9730
E-mail: cwagner@hpmb.com

## CERTIFICATE OF SERVICE

The undersigned counsel for the defendants hereby certifies that on this 18th day of

January 2024, a copy of the foregoing Reply was filed electronically and served by mail

on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to

all parties of record listed below by operation of the Court's electronic filing system or by

mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic

Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Christopher L. Wagner
_____
CHRISTOPHER L. WAGNER (CT 31469)
HEIDELL, PITTONI, MURPHY & BACH, LLP
2 Corporate Drive, Ste 444
Shelton, CT 06484
Telephone: 203-382-9700
Facsimile: 203-382-9730
E-mail: cwagner@hpmb.com