UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAROLANNE ROWE,<br>  *Plaintiff*,<br><br>  v.<br><br>LAWRENCE G. SANTILLI, ET AL.,<br>  *Defendants*. | No. 3:23-cv-00599 (VAB) |

**RULING AND ORDER ON MOTION TO DISMISS**

Carolanne Rowe ("Plaintiff"), as conservator for Bernadette Noga, has sued Lawrence G.

Santilli, Webster Manor Rehabilitation and Healthcare Center ("Webster Manor"), Athena

Health Care Systems, Inc., and Athena Health Care Associates, Inc. (the "Athena entities")

(collectively, "Defendants"), alleging abuse, neglect and deliberate indifference, unlawful

confinement, unlawful restraint, seclusion, negligence, conspiracy, alienation of affection and

tortious interference with family relations, tortious interference with medical treatment, medical

providers, family, and other service providers, and breach of contract and covenant of good faith

and fair dealing. Compl., ECF No. 1 (May 8, 2023) ("Compl.").

Defendants have filed a motion to dismiss Ms. Rowe's Complaint. Mot. to Dismiss, ECF

No. 13 (Dec. 28, 2023) ("Mot.").

For the following reasons, Defendants' motion to dismiss is **GRANTED.**

Ms. Rowe's claims under federal law are **DISMISSED with prejudice** for failure to state

a claim.

Ms. Rowe's state law claims are **DISMISSED without prejudice** to refiling in state

court.

In light of this Ruling and Order, Defendants' motion to disqualify Ms. Rowe as counsel and motion to stay discovery, ECF No. 14 (Dec. 28, 2023) and ECF No. 15 (Dec. 28, 2023) respectively, are **DENIED as moot**.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Allegations

The Massachusetts Probate and Family Court appointed Ms. Rowe to be the conservator of Bernadette Noga. Compl. ¶ 2.

On April 17, 2019, Ms. Noga allegedly was admitted to Webster Manor for short-term rehabilitation following a brief hospitalization. *Id*. ¶ 16. Upon admission, staff members allegedly confiscated Ms. Noga's personal cell phone, clothing, and other electronic devices. *Id*. ¶ 26.

While at Webster Manor, staff members allegedly confined, restrained, sedated, abused, and neglected Ms. Noga. *Id*. ¶ 18. Ms. Rowe also alleges that the Webster Manor staff and management emotionally, physically, and financially exploited Ms. Noga and refused her requests to consult with her attorneys, with state and local representatives, or with medical professionals not affiliated with Webster Manor. *Id*. ¶¶ 20–23. Ms. Noga allegedly was denied a healthy diet, and was not provided occupational or physical therapy as needed. *Id*. ¶¶ 37–38.

Patients with infectious disease allegedly were boarded in Ms. Noga's room, and she allegedly contracted COVID-19 as a result. *Id*. ¶ 25.

Items, including an irreplaceable family heirloom necklace, were stolen from Ms. Noga during her time at Webster Manor. *Id*. ¶ 27.

Ms. Noga's daughter allegedly was denied visitation, and when she was allowed to visit, staff members restricted the taking of any photographs and supervised the visit. *Id*. ¶¶ 35–36.

Ms. Rowe also alleges that private information about Ms. Noga was posted on various walls in public places at Webster Manor. *Id*. ¶ 40.

On May 10, 2021, Ms. Noga was released from Webster Manor. *Id*. ¶ 17. Webster Manor staff allegedly brought Ms. Noga to a local hospital with her belongings in a trash bag, released her onto the street corner, and left Ms. Noga to the hospital staff. *Id*. ¶ 28.

### B.  Procedural History

On May 8, 2023, Ms. Rowe filed her Complaint in this case. Compl.

On December 28, 2023, Defendants filed their motion to dismiss and an accompanying memorandum of law. Mot.; Mem. in Supp. of Mot. to Dismiss, ECF No. 13-1 (Dec. 28, 2023) ("Mem.").

On the same day, Defendants also filed a motion to disqualify Ms. Rowe as counsel and a motion to stay further discovery pending a ruling on their motion to dismiss. Mot. to Disqualify, ECF No. 14 (Dec. 28, 2023) ("Mot. to Disqualify"); Mot. to Stay, ECF No. 15 (Dec. 28, 2023) ("Mot. to Stay").

On January 11, 2024, Ms. Rowe filed memoranda in opposition to Defendants' motions to dismiss and to disqualify her as counsel. Opp'n to Mot. to Dismiss, ECF No. 16 (Jan. 11, 2024) ("Opp'n"); Opp'n to Mot. to Disqualify, ECF No. 17 (Jan. 11, 2024) ("Opp'n to Mot. to Disqualify"). Ms. Rowe did not file an opposition to Defendants' motion to stay.

On January 18, 2024, Defendants filed replies in support of their motions to dismiss and to disqualify. Reply in Supp. of Mot. to Dismiss, ECF No. 18 (Jan. 18, 2024) ("Reply"); Reply in Supp. of Mot. to Disqualify, ECF No. 19 (Jan. 18, 2024) ("Reply in Supp. of Mot. to Disqualify").

## II.   STANDARD OF REVIEW

### A.  Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *Id.*

"When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet*, 235 F.3d at 83). The Court may also, however, resolve disputed jurisdictional fact issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

### B.  Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do." (alteration in original) (citations omitted)). Second, "only a

complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at

679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible."

*Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*,

589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court

takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views

the allegations in the light most favorable to the plaintiff and draws all inferences in the

plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York

v. Ass'n of the Bar of N.Y.C.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for

failure to state a claim, we construe the complaint in the light most favorable to the plaintiff,

accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review

"to the facts as asserted within the four corners of the complaint, the documents attached to the

complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy

v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider

"matters of which judicial notice may be taken" and "documents either in plaintiffs' possession

or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs.,

Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp.

2d 140, 144 (D. Conn. 2005).

### III.    DISCUSSION

In support of their motion to dismiss, Defendants first argue that Ms. Rowe failed to state a claim under 42 U.S.C. §§ 1983, 1985, 1988, or the Fourth, Fifth, or Fourteenth Amendments, and thus has not properly brought any claims arising under federal law. Mem. at 9. Defendants also argue that Ms. Rowe has failed to establish diversity jurisdiction, and that the Court should decline to exercise supplemental jurisdiction over any state law claims. Mem. at 15–18.

The Court will address each argument in turn.

### A.  Federal Question Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted). To invoke federal question jurisdiction, claims must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

> *1. Failure to State a Claim Under 42 U.S.C. § 1983 and the Fourth, Fifth,*
>    *and Fourteenth Amendments*

"To state a claim for relief under § 1983, [a] plaintiff must allege that a defendant, acting under color of state law, deprived her of a constitutionally or federally protected right." *Dyer v. Fam. Ct.*, No. 16-CV-6876 (BMC) (RLM), 2016 WL 7494864, at *4 (E.D.N.Y. Dec. 28, 2016). The conduct of a private entity may be attributed to the state for purposes of § 1983 if the

plaintiff can establish that: "(1) 'the entity acts pursuant to the coercive power of the state or is controlled by the state'; (2) 'the state provides significant encouragement to the entity,' and 'the entity is [either] a willful participant in joint activity with the state or the entity's functions are entwined with state policies'; or (3) 'the entity has been delegated a public function by the state.'" *Vaughn v. Phoenix House New York Inc.*, 957 F.3d 141, 147 (2d Cir. 2020).

"Fourth Amendment principles governing searches and seizures apply only to 'governmental action' and are thus 'wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.'" *United States v. DiTomasso*, 932 F.3d 58, 67 (2d Cir. 2019) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). "A 'search conducted by private individuals at the instigation of a government officer or authority' may sometimes be attributable to the government 'for purposes of the Fourth Amendment,' but private actions are generally 'attributable to' the government only where 'there is a sufficiently close nexus between the State and the challenged action of the . . . entity so that the action of the latter may be fairly treated as that of the State itself[.]" *Id*. at 67–68 (internal citations omitted).

The Fifth Amendment applies only to claims against the federal government and the Fourteenth Amendment claims applies only to state action. *Garcia v. City of New York*, No. 15-CV-7470 (ER), 2017 WL 1169640, at *7 (S.D.N.Y. Mar. 28, 2017) ("[T]he Fifth Amendment only applies to claims against the federal government . . . ."); *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 491 (2d Cir. 2009) ("The [Fourteenth] Amendment applies only to state action." (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974))). The Fifth and Fourteenth Amendments will only constrain a private entity where its "[a]ctions are 'fairly attributable' to

the government, [or in other words,] where 'there is a sufficiently close nexus between the State

and the challenged action of the regulated entity.'" *D.L. Cromwell Invs., Inc. v. NASD Regul.,*

*Inc.*, 279 F.3d 155, 161 (2d Cir. 2002) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S.

345, 351 (1974)); *see also Vega v. Fox*, 457 F. Supp. 2d 172, 181 (S.D.N.Y. 2006) ("[U]nder the

Fourteenth Amendment[,] . . . [f]or private action to be considered state action, the conduct

allegedly causing the deprivation of a federal right [must] be fairly attributable to the State,

meaning that there is such a close nexus between the State and the challenged action that

seemingly private behavior may be fairly treated as that of the State itself." (footnotes and

internal quotation marks omitted)).

 Defendants argue that Ms. Rowe cannot assert claims under 42 U.S.C. §1983 or the

Fourth, Fifth, or Fourteenth Amendments against Defendants because they are private, non-state

entities. Mem. at 9–12. Defendants also argue that Ms. Rowe has not alleged a reason for

Defendants to be treated as state actors. *Id*. at 11.

 Ms. Rowe does not respond to either argument.

 The Court agrees with Defendants.

 In her Complaint, Ms. Rowe does not allege that Defendants are state or federal actors,

nor does she include any facts from which the Court could infer that she is alleging that

Defendants' private actions could be attributable to either the state or federal government. And

as noted, Ms. Rowe did not set forth any argument in her memorandum in opposition to

Defendants' motion to dismiss as to why Defendants' conduct would be considered state action.

Because Ms. Rowe has not alleged state action—or private action attributable to the state—she

has failed to state a claim under 42 U.S.C. §1983 and the Fourth, Fifth, and Fourteenth

Amendments.

Accordingly, the Court will grant Defendants' motion to dismiss as to these claims under Rule 12(b)(6).

### 2.  *Failure to State a Claim Under 42 U.S.C. § 1985*

"To state a claim pursuant to subdivision 3 of section 1985, which is the only subdivision of relevance here,[1] a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) and that a person is thereby either injured in his person or property or deprived of any right of a citizen of the United States." *Johnson v. City of New York*, 669 F. Supp. 2d 444, 451 (S.D.N.Y. 2009) (footnote added) (citing *United Bhd. of Carpenters & Joiners of America, Local 610, AFL-CIO, et al. v. Scott et al.*, 463 U.S. 825, 828–29 (1983); *Britt v. Garcia*, 457 F.3d 264, 269 n.4 (2d Cir. 2006)). To allege a conspiracy under the meaning of § 1985(3), a plaintiff must allege "an agreement between two or more state actors or between a state actor and a private entity . . . ." *Colon v. City of Rochester*, 419 F. Supp. 3d 586, 595 (W.D.N.Y. 2019). "A § 1985(3) 'conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007) (quoting *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999)).

Defendants argue that Ms. Rowe failed to allege facts to establish that Defendants entered into an agreement with state actors to inflict a particular unconstitutional injury upon her and that she failed to allege that she belongs to a protected class under § 1985. Mem. at 13–14.

---

[1] In her Complaint, Ms. Rowe did not specify the subdivision under which she is bringing her § 1985 claim. That said, subdivision 1 of § 1985 regards conspiring to prevent a person from holding an office or from discharging duties of that office, and subdivision 2 of § 1985 regards conspiring to deter a party or witness from testifying in a court of the United States. 42 U.S.C § 1985(1)–(2). Thus, the Court assumes that Ms. Rowe is bringing her conspiracy claim under subdivision 3 of § 1985.

Defendants also argue that because Ms. Rowe failed to state a claim under § 1985, 28 U.S.C. § 1343 is inapplicable. *Id*. at 14.

Ms. Rowe does not respond to either argument.

The Court agrees with Defendants, at least in part.

The Court can infer from the face of the Complaint that Ms. Rowe identifies Ms. Noga as a woman, and women may constitute a protected class under § 1985(3). *See, e.g.*, *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1359 (2d Cir. 1989) ("[W]omen may constitute a class for purposes of § 1985(3).").

In the seventh count of her Complaint, Ms. Rowe alleges that Defendants conspired with each other to prevent Ms. Noga from being discharged from the facility and from receiving the proper care. Compl. ¶ 71–75. But, as discussed above, Ms. Rowe has not alleged that any of the Defendants involved in the alleged conspiracy are state actors, as required to state a claim under § 1985. And thus, 28 U.S.C. § 1343 does not provide the Court with jurisdiction over this matter. *See Marshall v. Webster Bank, N.A.*, No. 3:10-CV-908 (JCH), 2011 WL 219693, at *8 (D. Conn. Jan. 21, 2011) ("Section 1343 (a)(1) and (2) provides jurisdiction solely for civil suits to redress violations of 42 U.S.C. section 1985.").[2]

Accordingly, the Court will grant Defendants' motion to dismiss as to this claim under Rule 12(b)(6).

---

[2] As Defendants note, *see* Mem. at 14–15, 42 U.S.C. § 1988 also does not provide the Court with jurisdiction over Ms. Rowe's claims, as that statute provides for attorney's fees and expert fees for a prevailing party in an action to enforce a provision of §§ 1981, 1981a, 1982, 1983, 1985, and 1986. 42 U.S.C. § 1988(b)–(c); *see also Baltas v. Bowers*, No. 3:23-CV-0764 (VAB), 2023 WL 4684650, at *7 (D. Conn. July 21, 2023) ("Section 1988 (a) provides that the district courts shall exercise their jurisdiction over civil rights cases in conformity with federal law where appropriate or state law. This section does not provide an independent cause of action." (citing *Moor v. Alameda Cty.*, 411 U.S. 693, 702–06 (1973))).

**B.  Diversity and Supplemental Jurisdiction**

With respect to Ms. Rowe's state law claims, the Court may exercise subject matter jurisdiction and reach the merits of these claims if Ms. Rowe has established that the Court has diversity jurisdiction over this action or if the Court decides to exercise supplemental jurisdiction over the state law claims. These issues are addressed below.

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Complete diversity between all parties is required for a federal court to exercise diversity jurisdiction over a matter. *E.R. Squibbs & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998).

"For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). An individual person may generally only have one domicile: an individual's "true, fixed and permanent home and place of habitation," defined as "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983). The Court evaluates the parties' domiciles at the moment that a plaintiff filed the complaint. *See Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009) ("[I]t must be determined whether at the time the present action was commenced there was diversity jurisdiction.").

The burden of persuasion for establishing diversity jurisdiction rests on the party asserting it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *see also Herrick Co. Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (the party asserting diversity jurisdiction

11

"bears the burden of demonstrating that the grounds for diversity exists and that diversity is complete"). The party invoking the court's jurisdiction must support allegations of complete diversity with "competent proof." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998).

Defendants argue that no diversity of citizenship exists because Ms. Rowe and Defendants, Mr. Santilli and the Athena entities, are domiciled in Connecticut. Mem. at 16.

In response, Ms. Rowe argues that diversity exists between Ms. Noga, who is a Massachusetts resident, and the Athena entities, Webster Manor's "corporate brain," who is a Connecticut resident. Opp'n at 6–7.

The Court disagrees.

First, as the real party in interest, Ms. Rowe is the plaintiff in this suit, not Ms. Noga. *See Noga v. Santilli*, No. 3:20-CV-00780 (VLB), 2020 WL 5749905, at *1 (D. Conn. Sept. 25, 2020) ("[I]t is the conservator who is the proper, real party in interest in suing, not the conserved person." (citing Conn. Gen. Stat. § 45a-655 and Federal Rule of Civil Procedure 17(c)(1))). And "it has long been 'established that the "citizens" upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy.'" *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (quoting *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 460 (1980)). Thus, diversity must exist between Ms. Rowe and Defendants.

Defendants allege that Ms. Rowe is domiciled in Connecticut. Mem. at 16; *see also* Ex. 6, ECF No. 13-7 (Dec. 28, 2023) (depicting the webpage for the Town of Killingly, Connecticut, which names Carolanne Rowe as a probate judge). Ms. Rowe does not dispute this, indeed, she stated in her memorandum in opposition to Defendants' motion to dismiss that she is "located" in Connecticut. Opp'n at 16.

Because Ms. Rowe argues that Defendants are domiciled in Connecticut, Opp'n at 6–7, and provides documentation to that end for at least one of the Defendants, *see* ECF No. 16-1 at 8–9 (Jan. 11, 2024) (listing Athena Health Care Associates, Inc. with a Connecticut address); ECF No. 16-5 at 2 (Jan. 11, 2024) (listing Athena Health Care Associates, Inc. as having been organized under the laws of Connecticut), she has failed to meet her burden of establishing diversity jurisdiction under 28 U.S.C. § 1332(a).

As discussed above, the Court will dismiss Ms. Rowe's federal claims under Rule 12(b)(6). And because the Court may not exercise diversity jurisdiction over Ms. Rowe's remaining state law claims, the Court  "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c). Because Ms. Rowe brings numerous claims, likely sounding in state tort law, the Court declines to exercise supplemental jurisdiction over those claims. *See Klein & Co. Futures v. Bd. of Trade of N.Y.C.*, 464 F.3d 255, 262 n.5 (2d Cir. 2006) (emphasizing that "the eight remaining state law claims" would be more properly considered in state court); *see also Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988))).

Accordingly, the Court will not exercise supplemental jurisdiction over Ms. Rowe's remaining state law claims, and these claims will be dismissed without prejudice to refiling in state court. *See Klaneski v. State Farm Mut. Auto. Ins. Co.*, 680 F. Supp. 3d 170, 186 (D. Conn. 2023) (declining to exercise supplemental jurisdiction and dismissing state law claims without prejudice to refiling in state court).

### C.  Leave to Amend

Although Ms. Rowe has not moved for leave to amend the Complaint,[3] for the reasons

discussed below, granting any such motion for leave to amend would be futile.

"[I]t is often appropriate for a district court, when granting a motion to dismiss for failure

to state a claim, to give the plaintiff leave to file an amended complaint." *Van Buskirk v. N.Y.*

*Times Co.*, 325 F.3d 87, 91 (2d Cir. 2003) (referencing *Branum v. Clark*, 927 F.2d 698, 705 (2d

Cir. 1991)). "Leave to amend should be freely granted, but the district court has the discretion to

deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue

prejudice to the opposing party." *Jin v. Metro. Life. Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002)

(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Where there is no indication that pleading additional facts would resuscitate a claim that

has been dismissed, the Court need not grant leave to amend. *See Grullon v. City of New Haven*,

720 F.3d 133, 140 (2d Cir. 2013) ("Leave to amend may properly be denied if the amendment

would be 'futil[e].'" (quoting *Foman*, 371 U.S. at 182)); *Ruffolo v. Oppenheimer & Co.*, 987

F.2d 129, 131 (2d Cir. 1993) ("[w]here it appears that granting leave to amend is unlikely to be

productive . . . it is not an abuse of discretion to deny leave to amend"); *Cuoco v. Moritsugu*, 222

F.3d 99, 112 (2d Cir. 2000) ("[W]e do not find that the complaint 'liberally read' suggests that

---

[3] In the conclusion of her memorandum in opposition to Defendants' motion to disqualify her as counsel, Ms. Rowe requests that the Court consider alternatives to dismissing her Complaint, including substitution or "amendment and transfer" if "the complaint and venue is not proper." Opp'n to Mot. to Disqualify at 5–6. The Court declines to consider this as a motion to amend as it does not adhere to Local Rule 7(f). D. Conn. L. Civ. R. 7(f) ("Any motion to amend a party's pleading under Fed. R. Civ. P. 15(a) that requires leave of court shall (1) include a statement of the movant that: (i) the movant has inquired of all non-moving parties and there is agreement or objection to the motion; or (ii) despite diligent effort, including making the inquiry in sufficient time to afford non-movant a reasonable opportunity to respond, the movant cannot ascertain the position(s) of the non-movant(s), and (2) in cases in which the movant is represented by counsel, be accompanied by both a redlined version of the proposed amended pleading showing the changes proposed against the current pleading and a clean version of the proposed amended pleading."); *see also United States v. Cohan*, No. 3:11-CV-412 CSH, 2012 WL 4758142, at *5 (D. Conn. Oct. 5, 2012) ("[W]here, as here, the [*pro se* party] is an attorney representing himself, he ordinarily receives no . . . solicitude at all." (quoting *Stern v. Regency Towers, LLC*, 886 F. Supp. 2d 317, 322 (S.D.N.Y. 2012))).

the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should

therefore be given a chance to reframe. . . . The problem with [this pro se plaintiff's] causes of

action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a

futile request to replead should be denied." (citations, internal quotation marks, and alterations

omitted)).

Here, it would be futile to grant Ms. Rowe leave to amend her Complaint to save her

federal claims, as the primary deficiency in her pleadings is not curable—Defendants are not

state actors. *See Costello v. Wells Fargo Bank NA*, No. 3:21-CV-01388 (VAB), 2022 WL

1912870, at *15 (D. Conn. June 3, 2022) (declining to grant leave to amend § 1983 claims

against private actors because repleading would be futile); *Skoric v. Killington Ski Resort*, No.

5:19-CV-10, 2019 WL 2058720, at *4 (D. Vt. May 9, 2019) ("Here, amendment would be futile;

better pleading could not convert Killington's private action into state action sufficient to bring

an action under 42 U.S.C. § 1983.").

Additionally, as the real party in interest, Ms. Rowe cannot amend the Complaint to omit

herself as a party, so as to confer diversity jurisdiction upon the Court. *See Aretakis v. First Fin.*

*Equity Corp.*, No. 14-CV-3888 (ENV) (LB), 2014 WL 5499545, at *2 (E.D.N.Y. Oct. 30, 2014)

("'Possas is indispensable to the resolution of plaintiff's case,' and 'any attempt to amend the

complaint to omit her as a party, so as to confer diversity jurisdiction upon the Court, would be

futile.'" (citing *Lafontaine v. W. Galleria Hotel*, 125 F.R.D. 24, 25 (D. Conn. 1988)

("[I]ndispensable parties cannot be dropped merely to achieve complete diversity."))). Thus, any

amendment to that effect would be futile.

Accordingly, there is no basis for granting leave to amend this Complaint.

IV.    **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED.**

Ms. Rowe's claims under federal law are **DISMISSED with prejudice** for failure to state

a claim.

Ms. Rowe's state law claims are **DISMISSED without prejudice** to refiling in state

court.

In light of this Ruling and Order, Defendants' motion to disqualify Ms. Rowe as counsel

and motion to stay discovery, ECF No. 14 (Dec. 28, 2023) and ECF No. 15 (Dec. 28, 2023)

respectively, are **DENIED as moot**.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 10th day of May, 2024.

 /s/ Victor A. Bolden

VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

16